[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12602
Non-Argument Calendar

_____

D. C. Docket No. 04-00336-CR-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER EDWARD PERSALL,
a/k/a Christopher Persall,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama.

_____

(March 13, 2006)

Before ANDERSON, BIRCH  and HILL, Circuit Judges.

PER CURIAM:

Christopher Edward Persall appeals his seventy (70) month sentence for

possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), receipt of child pornography, 18 U.S.C. § 2252A(a)(2)(A), and possession of child pornography under Section 2252A(a)(5)(B)(as amended).[1]  The sole issue raised on appeal by Persall is a *Booker* issue, i.e., that the district court erred by enhancing his sentence in excess of the guidelines range for his crime by using facts not admitted to by him and not found by a jury.  *Booker v. Washington*, 125 S.Ct. 738 (2005).

This issue is entirely without merit as Persall was sentenced on April 21, 2005, under the post-*Booker* advisory guidelines and not the pre-*Booker* mandatory guidelines system.[2]  After *Booker*, "the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional."  *United States v. Chau*, 426 F.3d 1318, 1323 (11th Cir. 2005).

Therefore, Persall's argument fails under the precedent of this circuit.  *See also United States v. Winingear*, 422 F.3d 1241, 1244 (11th Cir. 2005); *United States v. Duncan*, 400 F.3d 1297, 13044-05 (11th Cir. 2005).  Finding no error, the sentencing judgment of the district court as to Persall is affirmed.

AFFIRMED.

---

[1] Although counts one and two addressed the same crime under Section 2252A(a)(5)(B), Persall's possession occurred both before and after a statutory amendment that lengthened the maximum statutory penalty for the crime.

[2] In sentencing him, the district court expressly stated that sentence was imposed under the Sentencing Reform Act of 1984, as modified by the Supreme Court decision in *Booker*.  R6-16.

2